APOLINARIO GARCIA *v*. THE STATE.

1. JURY LAW — CHALLENGE.— Inability of a proposed juror to read and write the English language is a ground of challenge for cause, unless it appears that the requisite number of jurors who can read and write that language cannot be found in the county of the forum.

2. SAME — PRACTICE.— That there could not be found in the county a sufficient number of qualified jurors able to read and write English is a fact which the record must show affirmatively did appear to the court.   The court below is not authorized to dispense by general order with this test of the qualification of jurors.

3. EVIDENCE.— The written testimony of a witness taken before an examining court, properly certified by the magistrate, is admissible for the State when, as in this case, the prosecuting attorney has laid the proper predicate by showing that, when the absent witness was examined, the defendant was present and was afforded the privilege of cross-examination, and that, since the witness was examined, he has removed beyond the jurisdiction of the court.

4. CHARGE OF THE COURT which instructs the jury that, in the absence of a written transfer or bill of sale of the animal alleged to have been stolen, it devolves upon the defendant to show that his possession was legal, is error.  See the opinion *in extenso* for the question discussed.

APPEAL from the District Court of Webb.  Tried below before the Hon. J. C. RUSSELL.

The opinion discloses the nature of the case and its disposition.

There is no statement of facts incorporated in this record except the written testimony of Joaquin Barrientas taken before the examining court, in which he describes the manner of missing the stolen mule, its return by the sheriff, and the want of his consent to the taking of it.

*A. Winslow* and *B. Coopwood*, for the appellant: Not being able to speak English, or understand it sufficiently to comprehend the proceedings of the court, was such mental defect as to render the juror, Pedro Eznal, unfit for jury service; and it neither appearing nor being claimed that " the requisite number of jurors who are able to read and write could not be found in the county," the excuse offered by the learned judge for forcing such person on the defendant as a juror has no application to the state of case, and it was not, therefore, "a trial by jury;" and appellant's objection to this man being interposed and urged *in limine*, and the exception duly reserved, and the erroneous action of the court made a ground of the motion for a new trial, the verdict, which is not that of a jury in contemplation of law, ought to have been set aside and a new trial granted.  Code Crim. Proc. art. 636, subdivisions 5 and 14; *Lyle* v. *State*, 41 Texas, 172.

The pretended deposition was inherently defective:

1. In not showing that appellant was then on exami-

nation, or even present, or that it was taken upon a charge against him for the same or any other offense.

2. In not showing any authority for its being taken, but appearing upon its face to be extrajudicial.

3. In not being taken nor certified according to law.

4. In not being supported by any evidence whatever to show that it was taken by an officer thereunto authorized, or to prove that the person purporting to do so did in fact take it, or that his genuine signature was attached to it.

5. In not being accompanied by any evidence tending to show the slightest diligence on part of the State to find the witness and procure his attendance on the trial. And the statement that "the predicate was laid according to statute," is merely the conclusion of the judge, and just what appellant then excepted to, and now asks this court to revise and correct. Code Crim. Proc. arts. 314, 757, 759, 767, 768, 769, 770, 771, 772, 773 and 774.

If, under any circumstances whatever, it can be proper to give article 752 of the Penal Code in charge to the jury (which appellant denies), it could not possibly be applicable to this case, for it excludes the mule (which is named in article 746 as one of the species theft of which is there made penal) while it expresses the horse and the ass. *Expressio unius est exclusio alterius.*

But the charge is, that " such possession is *prima facie* illegal,"— not *prima facie* evidence of illegality,— giving positive weight and force to the evidence of possession; and it further declares that "*it devolves upon the defendant to show that his possession was legal,*" thus assuming his possession and that it was *prima facie* illegal and shifting the burden of proof to him, so as to require his conviction on the charge alone, if he had failed to prove his innocence by the very kind of evidence it exacts, to wit, " a written transfer or bill of sale specifically describing " the mule.

And the sixth instruction, taken in connection with the fifth, is, in effect, that no explanation of the possession would be reasonable, without being based upon such transfer or bill of sale, and that the jury ought to convict if no such instrument had been shown and established by the defendant.

Not being the law applicable to any possible state of the case, these two instructions constitute error for which the judgment ought to be reversed without any statement of facts. *Dubose* v. *State*, 10 Texas Ct. App. 252; *Mitchell* v. *State*, 2 Texas Ct. App. 404.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J. The defendant was indicted for the theft of a mule, and was convicted, and his punishment assessed at seven years' confinement in the penitentiary. In organizing a jury for the trial of the case, one juror upon examination stated that he could not speak, read or write the English language, nor understand the same sufficiently to comprehend the proceedings of the court. The defendant challenged this juror for cause. The court overruled the challenge, and the juror was sworn and served upon the trial of the cause. The ruling of the court was excepted to by defendant, and is assigned as error.

The judge in signing the bill of exceptions appends to it an explanation in which he says that, after the juror had answered, he examined him in the English language as to his knowledge of the same, and found that he understood the language as well as the majority of ordinary persons, though he did not pronounce it well; and the judge further says, that "this being a sparsely populated country, the test of reading and writing had been dispensed with in the county, by previous order of the court."

Subdivision 14 of article 636 of the Code of Procedure

makes it a challenge for cause to a juror, "that he cannot read and write. This cause of challenge shall not be sustained where it appears to the court that the requisite number of jurors who are able to read and write cannot be found in the county." The language which the juror must be able to read and write is the English language, that being the language in which the proceedings of our courts are conducted. *Lyles* v. *State*, 41 Texas, 172; *Yanez* v. *State*, 6 Texas Ct. App. 429; *Nolen* v. *State*, 9 Texas Ct. App. 419; *Etheridge* v. *State*, 8 Texas Ct. App. 133.

The juror in question being unable to read and write the English language, he was certainly disqualified to serve as a juror in the case, and the defendant's challenge should have been sustained, unless it appeared to the court that the requisite number of jurors who were able to read and write could not be found in the county. It nowhere appears in the record that this state of facts *did* appear to the court, but only that the county was sparsely populated, and that this test had been dispensed with by previous order of the court. We know of no law which authorizes a court to dispense with this test by a general order. It would be a dangerous precedent for this court to sanction any such assumption of authority, and we decline to do it; and, because the court below erred in overruling the defendant's challenge to the juror, the judgment must be reversed.

There are some other questions presented by the record which, in view of another trial of this case, it is proper for us to pass upon.

The district attorney was permitted to read in evidence, over the objections of the defendant, the testimony of the owner of the mule alleged to have been stolen, which testimony was taken down in writing before an examining court, and properly certified. The judge, at the time of signing the bill of exceptions to his ruling upon this

evidence, signed it with the explanation that the State laid the predicate for the introduction of the testimony, by showing that the witness, subsequently to the examination before the magistrate, had removed to Mexico and was now residing there, and that the witness had been examined before the magistrate in the presence of the defendant, and that defendant had the privilege afforded him then of cross-examining the witness. These being the facts, we think the court did not err in admitting the testimony. (Code Crim. Proc. art. 774; *Johnson* v. *State*, 1 Texas Ct. App. 333; *Ray* v. *State*, 4 Texas Ct. App. 450; *Sullivan* v. *State*, 6 Texas Ct. App. 319; *Post* v. *State*, 10 Texas Ct. App. 579.)

The court instructed the jury very fully and clearly upon the law of the case, with one exception. The charge contains the following: "If you believe from the evidence that the defendant was in possession of said mule, and had no bill of sale or written transfer specifically describing the same, such possession is *prima facie* illegal, and it devolves upon the defendant to show that his possession was legal." This charge is now assigned as error.

The statute upon this subject reads as follows: "Upon the trial of any person charged with the theft of any animal of the horse, ass, or cattle species, the possession of such stolen animal by the accused, without a written transfer or bill of sale containing a specific description of such animal, shall be *prima facie* evidence against the accused that such possession was illegal." (Penal Code, art. 752.) The charge of the court goes further than the statute, and instructs the jury that, in the absence of such written transfer or bill of sale, it devolves upon the defendant to show that his possession was legal. We think this was error. The effect of it was to tell the jury that if the defendant failed to prove that his possession was legal, he was guilty of the theft. The possession of the defendant

might have been illegal, and yet he might be innocent of theft.    We think the court should also have instructed the jury that, though the failure to produce a written conveyance was *prima facie* evidence that defendant's possession was illegal, yet it was not conclusive, and might be rebutted by any competent evidence.    The charge as it was given may have made the impression upon the minds of the jury that the inquiry should be confined to the question as to whether or not the defendant had a written conveyance of the mule.    (*Wills* v. *State*, 40 Texas, 69.)    The judgment is reversed and the cause remanded.

*Reversed and remanded.*